UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 13-56244, 13-56259 |
| District Court/Agency Case Number(s): | 04-CV-8776 |
| District Court/Agency Location: | U.S. District Court for the Central District of California |
| Case Name: | Larson v. Time Warner Inc., et al. |
| If District Court, docket entry number(s) of order(s) appealed from: | Docket No. 254; see also Docket No. 259 |
| Name of party/parties submitting this form: | Time Warner Inc., et al. |

Please briefly describe the dispute that gave rise to this lawsuit.

In April 1997, Joanne Siegel and Laura Siegel Larson ("Larson"), the heirs of Superman co-creator Jerome Siegel, served copyright termination notices purporting to recapture certain early grants of Superman and Superboy copyrights. DC disputed the termination notices, negotiations ensued, and the parties entered into a binding settlement agreement in 2001. Larson refused to honor that agreement, and in 2002, Larson served a separate termination notice pertaining solely to the Superboy rights. In 2004, Larson sued DC Comics and related parties ("DC") claiming ownership of certain Superboy copyrights, and alleging that DC had infringed those rights. DC denied these claims and filed counter-claims of its own, including that Larson's claims were barred by the parties' 2001 settlement agreement.

Briefly describe the result below and the main issues on appeal.

In January 2013, this Court held that the parties indeed reached a settlement agreement in 2001. See Larson v. Warner Bros. Entm't Inc., Cross-Appeal Nos. 11-55863, 11-56034, Docket No. 70-1 (decided Jan. 10, 2013). On remand, the district court entered judgment for DC, declaring that "under the parties' October 19, 2001 settlement agreement, Larson and her family transferred to DC, worldwide and in perpetuity, any and all rights, title, and interest, including all copyright interests, that they may have in Superman, Superboy, and Spectre." C.D. Cal. Case No. 04-8776, Docket No. 243 at 2-3. The district court rejected Larson's arguments that the agreement was unenforceable, that it was ineffective as to Larson's Superboy rights, and that it was a prohibited "agreement to the contrary" under the Copyright Act. Id. Docket Nos. 240, 242. Larson appeals that judgment, Appeal Nos. 13-56243, 13-56244, and that judgment can and should be affirmed on appeal on numerous grounds. The district court also ruled that certain aspects of Larson's 1997 copyright termination notices were valid. These erroneous intermediate rulings are not binding on DC, the ultimate prevailing party, but as a protective matter, DC cross-appeals them. DC also protectively cross-appeals the district court's judgment denying its other stated grounds for

| |
|---|
| relief, e.g., the district court's ruling on DC's claim that Larson's 2004 lawsuit was untimely.  The Ninth Circuit's ruling on the threshold settlement agreement issue presented in these appeals could moot these ancillary issues. |

| Describe any proceedings remaining below or any related proceedings in other tribunals. |
|---|
| Save for pending costs applications, no proceedings remain pending below in these Larson cases.  There are related proceedings pending in the Pacific Pictures Corp. v. DC Comics case—part of which is on appeal before this Court, see Appeal No. 12-57245, and part of which remains pending in the district court. |

| Provide any other thoughts you would like to bring to the attention of the mediator. |
|---|
| 1.  Case Management.  Appellants have filed two separate appeals in the Larson "Superman" and "Superboy" cases, and DC has filed two cross-appeals.  Appeal Nos. 13-56243, 13-56244; Cross-Appeal Nos. 13-56257, 13-56259.  In the interest of efficiency, DC will move the Court (1) to have these four latest Larson appeals be heard by the same panel that presided over the several prior, related Superman appeals, see Pacific Pictures Corp. v. DC Comics, Appeal No. 12-57245 (Reinhardt, J.; Thomas, J.; Sedwick, D.J.) (argued May 23, 2013); Larson v. Warner Bros. Entm't Inc., Cross-Appeal Nos. 11-55863, 11-56034 (same panel) (decided Jan. 10, 2013); Pacific Pictures Corp. v. DC Comics, Appeal No. 11-56934 (same panel) (decided Jan. 10, 2013); (2) to expedite the briefing schedule in these latest appeals, as the Court did in the most recent Pacific Pictures appeal; and (3) to consolidate the briefing in these latest Larson Superman and Superboy appeals, as was done in the district court on summary judgment.

2.  Mediation.  The parties have engaged in numerous mediation sessions before JAMS since 2008, but all efforts to settle the case have been unsuccessful.  Settlement efforts have been impeded by a series of unlawful lock-up agreements orchestrated by plaintiff's counsel that prevent the Larson and Shuster families from settling with DC without the consent of the other or, most significantly, their counsel, Marc Toberoff.  While the district court has found these lock-up agreements to be unlawful and unenforceable, Larson and Toberoff have appealed portions of these rulings and the illicit effects of these illegal agreements remain and continue to infect and impede any attempts at settlement.  DC has proposed several ways to resolve these issues, but Toberoff has declined.  He also unilaterally terminated all mediation discussions involving JAMS and a third-party entertainment law expert he had identified as a neutral expert.  This Court addressed some of Toberoff's conflicts in the in Pacific Pictures case, commenting on the obvious "ethical and professional concerns raised by Toberoff's actions."  In re Pacific Pictures Corp., 679 F.3d 1121, 1124 (9th Cir. 2012).

In Larson's mediation questionnaire, Toberoff purports to recount the substance of recent confidential settlement communications between the parties.  Not only is this description inaccurate in material respects, both Larson and DC, as well as their counsel, agreed that these were "Confidential" and "Privileged" settlement communications and explicitly labeled them as such.  Toberoff improperly disclosed these confidential communications in his mediation questionnaire filing, and did so without any advance notice to DC.  DC objects to this improper disclosure. |

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov.  Please provide the case name and Ninth Circuit case number in your message.  Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature | Daniel M. Petrocelli

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for | Time Warner Inc., et al.

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator). Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.

**Return to Service List Page**

**Service List for Case:** 13-56259 Laura Larson v. Time Warner Inc. et al

**Current Associated Cases:** 13-56244 Laura Larson v. Time Warner Inc. et al

**CAUTION:** If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Exemption Expired*, *Pending*, *Rejected*, or *Suspended* appears in the **ECF Filing Status** column (or it is blank), then you must service this party by US Mail.

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Keith Gregory Adams<br>Toberoff & Associates PC<br>Suite 347<br>22337 Pacific Coast Highway<br>Malibu, CA 90265<br>Email: kadams@toberoffandassociates.com | 13-56244<br>13-56259 | Email | Active |
| Matthew T. Kline<br>O'MELVENY & MYERS, LLP<br>7th Floor<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-6035<br>Email: mkline@omm.com | 13-56244<br>13-56259 | Email | Active |
| Daniel Petrocelli<br>O'MELVENY & MYERS, LLP<br>7th Floor<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-6035<br>Email: dpetrocelli@omm.com | 13-56244<br>13-56259 | Email | Active |
| Cassandra Seto<br>O'MELVENY & MYERS, LLP<br>7th Floor<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-6035<br>Email: cseto@omm.com | 13-56244<br>13-56259 | Email | Active |
| Marc Toberoff<br>Toberoff & Associates PC<br>22337 Pacific Coast Highway<br>Malibu, CA 90265<br>Email: mtoberoff@toberoffandassociates.com | 13-56244<br>13-56259 | Email | Active |

9th Circuit Case Number(s) | 13-56244, 13-56259

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Jul 24, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Ashley Pearson

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)           .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)