# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

9th Circuit Case Number(s): 13-56244, 13-56259

District Court/Agency Case Number(s): 04-CV-08776

District Court/Agency Location: Central District of California, Western Division

Case Name: Laura Siegel Larson v. Time Warner Inc., et al.

If District Court, docket entry number(s) of order(s) appealed from: Docket No. 254

Name of party/parties submitting this form: Laura Siegel Larson, individually and for the Estate of Joanne Siegel

**Please briefly describe the dispute that gave rise to this lawsuit.**

This long-standing dispute with defendant DC Comics ("DC") and its effective parent, defendant Warner Bros. Entertainment Inc. arises out of the efforts of the heirs of Superman co-creator Jerome Siegel to vindicate their copyright termination rights under 17 U.S.C. § 304(c). Plaintiff Laura Siegel Larson, along with her now deceased mother, Joanne Siegel, successfully exercised their right to recapture her father Jerome Siegel's copyright interests in Superman by serving, in 1997, notices under § 304(c), statutorily terminating his prior Superman copyright grants to DC, effective in 1999. In late 2002, the Siegels also served statutory termination notices regarding Superboy, effective in 2004 ("Superboy Termination"); and in 2012, the Siegels served termination notices regarding early Superman advertisements (not listed in their 1997 notices), effective in 2014 ("Superman Ads Termination"). Larson v. Warner Bros. Inc., et al., Case No. 10-CV-8400 ("Superman case"), concerns the Siegels' Superman Termination, and the closely related action, Larson v. Time Warner Inc., et al., Case No. 10-CV-8776 ("Superboy case"), concerns the Siegels' Superboy Termination.

**Briefly describe the result below and the main issues on appeal.**

In the Superman case, the district court (Judge Stephen G. Larson, now retired) found in two detailed published decisions that plaintiff had successfully recaptured Siegel's co-authorship share of the original Superman stories published in early works, substantially granting plaintiff's First Claim and rejecting defendants' related counterclaims, including defendants' alternative Fourth Counterclaim that DC allegedly purchased the Siegels' recaptured copyrights in an October 19, 2001 letter from the Siegels' former attorney. The district court (Judge Otis D. Wright, II) entered a Rule 54(b) judgment on May 20, 2011, and both sides appealed. On January 10, 2013, the Circuit issued a short unpublished opinion finding that the October 19, 2001 letter constituted a contract, and

remanded for adjudication of defendants' contract counterclaims relating thereto.

On remand, the district court, issued orders granting, in part, defendants' summary judgment motions in both the Superman and Superboy cases, and on June 18, 2013, it entered the same judgment in both cases. The district court granted plaintiff's First Claim, to the extent previously granted, upholding her termination notices and recapture of her father's copyrights in Action Comics, No. 1 and other key Superman works. The district court held, however, that as a matter of law: (1) the statement in the October 19, 2001 letter that the Siegels' "would [in the future] transfer" their copyrights to DC constituted a present assignment of their recaptured copyrights on that date; (2) the Siegels did not rescind the October 19, 2001 letter because they purportedly did not "acknowledge" an agreement with DC (even though California law nowhere requires this and, in any event, the Siegels, by letter dated May 9, 2002, acknowledged that they had "accepted" DC's proposal, and refused to continue because DC had already breached its promises); (3) that DC did not acquiesce in the Siegels' May 9, 2002 repudiation/rescission of the October 19, 2001 letter, nor abandon it (even though DC did not assert an October 19, 2001 agreement until November, 2004, in response to the Siegels filing an action in October, 2004 to validate their Superman Termination); and (4) that the Siegels likewise assigned, on October 19, 2001, any copyrights to be recovered pursuant to their 2002 Superboy Termination and 2012 Superman Ads Termination (even though these notices were served long after October 19, 2001, and, under 17 U.S.C. § 304 (c)(6)(D), terminated copyrights cannot be anticipatorily assigned until the applicable termination notices have been served). Plaintiff is appealing, without limitation, each of these rulings. With respect to plaintiff's claim that DC breached any October 19, 2001 agreement by failing to make payments by March 30, 2002 as expressly agreed, and by conditioning its performance on new/changed terms, the district court thrice suggested that plaintiff pursue such claims in state court.

**Describe any proceedings remaining below or any related proceedings in other tribunals.**

There is an ongoing case, DC Comics v. Pacific Pictures Corp., et al., Case No. 10-CV-03633, concerning the Superman termination notices served/filed by the estate of Joseph Shuster in 2002, effective 2013, which is currently on appeal (CCA No. 12-57245). The Circuit heard oral argument on May 23, 2013, and the parties await its decision. The district court (Judge Wright) granted DC summary judgment, holding that, as a matter of law, the Shuster estate had no termination right purportedly because a one-page 1992 agreement with Shuster's brother and sister (which, in raising a $5,000 pension, included a boilerplate quitclaim/release), eliminated the estate's termination rights by "impliedly" revoking Joseph Shuster's venerable Superman grants to DC and impliedly re-granting his Superman copyrights back to DC in the same 1992 agreement, not subject to termination. The district court rendered this decision even though the perfunctory 1992 pension agreement said none of the above, and there was no plausible reason in 1992 for DC to have done this. In 1992, DC owned all Superman rights pursuant to binding 1948 and 1974 Court judgments; no one held Shuster termination rights until the passage of the Copyright Term Extension Act in 1998, and the 1992 agreement did not identify any of the Shuster grants it supposedly revoked, nor even mention Superman. Furthermore, the termination right has been repeatedly upheld as "inalienable" and non-waivable by the U.S. Supreme Court, the Ninth and Second Circuits, and pursuant to 17 U.S.C. § 304(c)(5), the Shuster estate could exercise its termination right "notwithstanding any agreement to the contrary."

**Provide any other thoughts you would like to bring to the attention of the mediator.**

After plaintiff successfully upheld her terminations in 2008-2009, and was widely reported to be winning this case; defendants hired a new general counsel, fired their attorneys, and retained their current counsel. Together, they embarked on a new strategy to distract from the merits, elicit bias, engender conflicts and increase their economic leverage by maliciously suing their long-time opposing counsel, Marc Toberoff, in DC Comics on frivolous claims of tortious interference and unfair competition. In DC Comics and this case, defendants soon began a campaign to assassinate their opposing counsel's character and overshadow his clients' legal rights by spreading knowingly false statements and innuendo. Their vindictive conduct in DC Comics was so over-the-top, that the district court criticized it as "smack[ing] of animus towards Toberoff." Dkt. 612 at 8. Mr. Toberoff had prevailed against defendant Warner Bros. in a number of high profile copyright matters. See e.g., Moonrunners L.P. v. Time Warner,

et al. 2005 U.S. Dist. LEXIS 41244 (C.D. Cal. June 17, 2005)(re: "The Dukes of Hazzard").

Although, defendants' trumped-up claims against Mr. Toberoff and motions for terminating sanctions were all dismissed by the district court in DC Comics, defendants continue the same disingenuous tactics here – even filling their mediation questionnaire, with such false and prejudicial statements. For instance, defendants state that this Court "addressed some of Toberoff's conflicts" and "obvious 'ethical and professional concerns'." In reality, defendants had larded their opposition to a discovery writ with prejudicial irrelevancies regarding an old 2002 agreement with the Shusters, voluntarily cancelled by Mr. Toberoff in 2004 (and which, in any event, did not involve the plaintiff here). In response this Court expressly stated that such issues (regarding Mr. Toberoff "serv[ing] as both a business advisor and an attorney" to the 2002 venture) "are not before the Court." In re Pacific Pictures Corp., 679 F.3d 1121, 1124 (9th Cir. 2012)(emphasis added).

Defendants also misrepresent, as they did to the district court, that the Siegels, Shusters and Mr. Toberoff have "unlawful lock-up agreements orchestrated by plaintiff's counsel" that require "the consent…of their counsel, Marc Toberoff" to any settlement. This fabrication contradicts the record and the sworn testimony of every percipient witness. As defendants well know, Mr. Toberoff has provided continuous legal services in these litigations for over nine years pursuant to standard legal retainer agreements, nothing more, and any settlement decisions in these cases are, of course, made solely by his clients. Mr. Toberoff has not and does not act "unilaterally," as defendants falsely state – settlement decisions are made by his clients. In addition, neither Mr. Toberoff (nor his clients) "unilaterally terminated all mediation discussions involving JAMS," as falsely stated.

After defendants pressured the Shusters to settle, at the expense of the Siegels, the two families (representing two co-author halves of the same Superman copyrights) agreed to collectively negotiate settlement with defendants regarding their jointly held copyrights to improve their bargaining position; and they openly disclosed this to defendants pursuant to the parties' settlement Confidentiality Agreement. Defendants challenged this collective agreement in DC Comics, breaching the Confidentiality Agreement. Ultimately, the district court held the collective agreement invalid, with little explanation or support, and subject to appeal. Subsequently, and contrary to defendants' knowingly false statements in their questionnaire, plaintiff Laura Siegel Larson and the Shuster estate each provided defendants with separate and distinct written settlement offers on March 12, 2013, to which defendants have failed/refused to provide any counter-offers.

Since being emboldened in January, 2013 by a favorable decision from a panel of this Court regarding the October 19, 2001 letter, defendants have blankly rebuffed plaintiff's settlement overtures, refusing even basic requests that the parties hold an in-person settlement conference. Defendants' ironic complaint that these facts disclose the substance of settlement discussions in breach of the parties' Confidentiality Agreement is unpersuasive, and, in any event, that agreement provides for frank and open discussion in settlement mediations.

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL
I certify that:
    a current service list with telephone and fax numbers and email addresses is attached ☒ (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature | s/ Marc Toberoff

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for | Laura Siegel Larson, individually and for the Estate of Joanne Siegel

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator). Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.

Return to Service List Page

**Service List for Case:** 13-56244 Laura Larson v. Time Warner Inc. et al

**Current Associated Cases:** 13-56259 Laura Larson v. Time Warner Inc. et al

CAUTION: If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Exemption Expired*, *Pending*, *Rejected*, or *Suspended* appears in the **ECF Filing Status** column (or it is blank), then you must service this party by US Mail.

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Keith Gregory Adams<br>Toberoff & Associates PC<br>Suite 347<br>22337 Pacific Coast Highway<br>Malibu, CA 90265<br>Email: kadams@toberoffandassociates.com | 13-56244<br>13-56259 | Email | Active |
| Matthew T. Kline<br>O'MELVENY & MYERS, LLP<br>7th Floor<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-6035<br>Email: mkline@omm.com | 13-56244<br>13-56259 | Email | Active |
| Daniel Petrocelli<br>O'MELVENY & MYERS, LLP<br>7th Floor<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-6035<br>Email: dpetrocelli@omm.com | 13-56244<br>13-56259 | Email | Active |
| Cassandra Seto<br>O'MELVENY & MYERS, LLP<br>7th Floor<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-6035<br>Email: cseto@omm.com | 13-56244<br>13-56259 | Email | Active |
| Marc Toberoff<br>Toberoff & Associates PC<br>22337 Pacific Coast Highway<br>Malibu, CA 90265<br>Email: mtoberoff@toberoffandassociates.com | 13-56244<br>13-56259 | Email | Active |

9th Circuit Case Number(s) | 13-56244, 13-56259

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | July 25, 2013 |.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ George Cisneros

*********************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ ].

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

[ ]

Signature (use "s/" format) | [ ]