Cross-Appeal Nos. 13-56243, 13-56257; 13-56244, 13-56259

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAURA SIEGEL LARSON,

*Plaintiff, Counterclaim-Defendant, Appellant, and Cross-Appellee*,

*v.*

WARNER BROS. ENTERTAINMENT INC. AND DC COMICS,

*Defendants, Counterclaimants, Appellees, and Cross-Appellants.*

LAURA SIEGEL LARSON,

*Plaintiff, Counterclaim-Defendant, Appellant, and Cross-Appellee*,

*v.*

TIME WARNER INC., ET AL.,

*Defendants, Counterclaimants, Appellees, and Cross-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE OTIS D. WRIGHT II, JUDGE
CASE NOS. CV-04-8400 ODW (RZX), CV-04-8776 ODW (RZX)

**MOTION BY CROSS-APPELLANTS AND APPELLEES
WARNER BROS. ENTERTAINMENT INC. AND DC COMICS
FOR ASSIGNMENT TO A SPECIFIC PANEL
AND TO CONSOLIDATE BRIEFING**

DANIEL M. PETROCELLI
MATTHEW T. KLINE
CASSANDRA L. SETO
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

*Attorneys for Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., Warner Bros. Television Production Inc., and DC Comics*

During the past year, this Court has heard four appeals in the long-running Superman litigation. *See* Cross-Appeal Nos. 11-55863, 11-56034; Appeal No. 12-57245; Appeal No. 11-56934. The same three judges (Reinhardt, J.; Thomas, J.; Sedwick, D.J.) heard each appeal. Central to these latest "*Larson* Superman/Superboy Appeals" now before the Court, *see* Cross-Appeal Nos. 13-56243, 13-56257; 13-56244, 13-56259, is that same panel's ruling in the "*Larson* Superman Appeal," *see Larson v. Warner Bros. Entm't, Inc.*, 504 Fed. Appx. 586 (9th Cir. 2013). On remand, the district court applied the Court's ruling that DC reached a settlement agreement with Appellant Laura Siegel Larson in 2001 and entered judgment in DC's favor on its decisive, parallel Fourth Counterclaims in both the Superman and Superboy cases. Larson appeals, and the parties cross-appeal other ancillary rulings—most of which they already briefed for this Court in the *Larson* Superman Appeal, but that the Court declined to reach.

Given the identity of issues presented in these appeals, and to promote efficiency and to conserve judicial resources, DC hereby moves the Court to assign the *Larson* Superman/Superboy Appeals to the same panel that heard the last four Superman appeals. For the same reasons, DC also moves to consolidate briefing in these latest cross-appeals, as was done on remand in the district court below.[1]

---

[1] DC filed "Notices of Related Appeals" raising these issues. *See* Dkt. No. 7-1. The Court's staff informed DC that if sought the relief above, it should file a formal motion under Rule 27. *See* Dkt. No. 9-1. DC hereby does so.

1

1. <u>Assignment to a Specific Panel</u>.  The *Larson* Superman/Superboy Appeals should be heard by the same panel that presided over the last four Superman appeals.  The *Larson* Superman Appeal, which the panel decided in January 2013, *see* 504 Fed. Appx. 586, pivoted on the same 2001 agreement that the district court enforced in DC's favor on remand—in rulings that Larson now appeals.  That 2001 agreement, by its express terms, encompassed both Superman *and* Superboy, and its enforcement in both the Superman *and* Superboy cases— based on parallel counterclaims that DC asserted in each case—led to judgment for DC in both cases and to the instant appeals.[2]  A central issue on remand in both cases, on which Larson lost and appeals, is how to read the panel's 2013 ruling and arguments Larson made about whether a valid copyright transfer was made.[3]

The overlap in issues raised by the prior and current *Larson* appeals make these latest appeals obvious candidates for specific panel assignment.  *See* GOELZ & WATTS, CAL. PRACTICE GUIDE: FEDERAL NINTH CIRCUIT CIVIL APPELLATE

---

[2] *See* C.D. Cal. Case No. 04-8400, Dkt. Nos. 723 at 10 (on remand, district court holding that the parties' "2001 agreement … remains binding and enforceable [and] … encompasses all of the works subject to the related Superman and Superboy actions"); 735 at 3 (same; granting DC's Fourth Counterclaims in both *Larson* Superman and Superboy cases and declaring that pursuant to 2001 settlement, "Larson and her family transferred to DC, worldwide and in perpetuity, any and all rights, title, and interest, including all copyright interests, that they had in Superman and Superboy"); 738 (Larson appealing these rulings).

[3] *See id.*, Dkt. Nos. 717 at 13 (on remand, district court affirming the "Ninth Circuit's view that the [2001 settlement] was a proper written transfer of copyright ownership"); Appeal No. 13-56257, Dkt. No. 4 at 2 (Larson challenging this ruling in describing the "result below and main issues on appeal").

2

PRACTICE §§ 9:52-53 (RUTTER 2013).  Indeed, given that Larson's latest appeals require the "interpretation and application of the original panel's decision," FED. R. APP. P. 3(b)(2), these "comeback cases" are particularly strong candidates for assignment, 9TH CIR. RULES, COURT STRUCTURE & PROCEDURES § (E)(4); 9TH CIR. GENERAL ORDER 3.7.  Such an assignment will save judicial resources, spare the Court and parties arguments about what another panel of the Court meant, and promote the final, expeditious resolution of this nine-year-old litigation.

Larson's arguments that these latest Superman and Superboy appeals are "significantly different" than her prior appeals, Dkt. No. 8-1 at 1, have no merit.  Key questions in both the Superman and Superboy cases will be how to read the parties' 2001 agreement and this Court's recent ruling concerning it.  *See supra* nn. 2-3.  DC also protectively appeals certain intermediate copyright work-for-hire rulings the district court made (as does Larson), and as Larson admits, the parties *already briefed* those same issues to the panel in the *Larson* Superman Appeal.  *Id.* at 6; *see* Cross-Appeal Nos. 13-56243, 13-56257, Dkt. No. 7-1 at 4.

Larson did raise some new arguments on remand—all of which the district court rejected, and most of which it held she waived, *e.g.*, C.D. Cal. Case No. 04-8400, Dkt. Nos. 717 at 10, 12—but such issues provide no sound basis to assign these appeals to a new panel.  There is no better authority for this than Larson herself.  When she thought this panel favored her views (*i.e.*, before she appeared

3

before it), Larson asked it to hear *all* appeals in the related *Shuster* case. Appeal No. 11-56934, Dkt. No. 56-1 at 10 (Oct. 29, 2012). She also expressly lauded this panel's "familiar[ity] … with the record in the related *Larson* appeals." *Id.* at 10. DC raised no objection, *id*. Dkt. No. 62 at 4, and the Court granted Larson the very panel assignment she now curiously opposes, Appeal No. 12-57245, Dkt. No. 4.

Larson suggests that "logistics" are another bar to the same panel hearing these latest appeals. Logistics should prove no obstacle. One panel member heard oral argument in the recent *Shuster* appeal by live video link, and the same could be done again here by either one or both of the out-of-town panel members.

Finally, Larson accuses DC of "panel shopping," Dkt. No. 8-1 at 2-4, because *seven months* before the present three-judge panel was announced, it asked a panel that had heard a then-recent Superman writ to hear related Superman appeals, Appeal Nos. 11-55863, 11-56034, Dkt. No. 29-1. DC's consistent desire to have a knowledgeable panel resolve these long-running cases quickly is hardly panel-shopping. It is what the Court's rules permit and endorse. *See supra* at 2-3.

2. Consolidating Briefing. As was done in the district court below—without *any* objection from Larson[4]—briefing in the Superman and Superboy appeals should be consolidated, so that each party submits only two briefs, rather

---

[4] *See* C.D. Cal. Case No. 04-8400, Dkt. Nos. 702; 709; 711; 715; 721-22; 731-33; Case No. 04-8776, Dkt. Nos. 222; 228-29; 234; 239-40; 250-52 (same briefing in both cases); *see* C.D. Cal. Case No. 04-8400, Dkt. Nos. 717; 723; 724; 734-35; Case No. 04-8776, Dkt. Nos. 242-43, 253-54 (same/parallel orders).

4

than four each (or eight total), as is presently contemplated.[5] The Court may consolidate cases "for the sake of efficiency and to promote consistent treatment," WRIGHT, ET AL., 16A FEDERAL PRACTICE AND PROCEDURE § 3949.2 (4th ed. 2008); FED. R. APP. P. 3(b)(2), especially, where, as here, the appeals involve the same judgments, same district court record, and same underlying briefing and orders, *see id.*; RUTTER, *supra*, § 6:167; *supra* nn. 2 & 4.

Larson's primary argument in opposition is that no consolidation should occur, and that she should have a free hand to write four full briefs in the two cases. Dkt. No. 8-1 at 10. This is overkill. The parties efficiently and without objection briefed the operative issues presented by these appeals in one set of consolidated, strictly page-limited briefing. *See supra* n.4. The Court issued straightforward, parallel orders and judgments on the basis of those briefs. *See id.*

Larson's fallback position is that *if* these appeals are consolidated, both she and DC should have 3,000 additional words to use in each brief. As DC told Larson weeks ago, it does not oppose such an expansion or any reasonable one she proposes. The reason: The copyright work-for-hire and statute-of-limitations rulings that DC protectively appeals, *e.g.*, C.D. Cal. Case No. 04-8400, Dkt. No.

---

[5] The current briefing provides for separate briefing in the Superman and Superboy Appeals on the following dates: Larson's First Briefs on Cross-Appeals (Dec. 23, 2013); DC's Second Briefs on Cross-Appeals (Jan. 22, 2014); Larson's Third Briefs Cross-Appeals (Feb. 21, 2014); DC's Reply Briefs (Mar. 7, 2014). *See* Appeal Nos. 13-56257, Dkt. No. 1-1; 13-56259, Dkt. No. 1-1.

740; Appeal No. 13-56257, Dkt. No. 4; C.D. Cal. Case No. 04-8776, Dkt. No. 259; Appeal No. 13-56259, Dkt. No. 4, may require some additional briefing. But even these issues should be limited in scope. They emanate largely from the same consolidated orders and briefing below, *see* Dkt. No. 7-1 at 4, and most of the issues were already presented to the Court in the *Larson* Superman Appeal, *see id.*, further obviating the need for *four* extra briefs.

*   *   *

DC's motion should be granted. These four latest Superman appeals should be (1) assigned to the same panel that heard the previous four Superman appeals (Reinhardt, J.; Thomas, J.; Sedwick, D.J.); and (2) consolidated for briefing and any oral argument. Only after exercising diligence to brief the issues presented in the space allotted by the rules, should the parties (if at all) request additional words on any particular brief.

Dated:  August 26, 2013                    O'Melveny & Myers LLP
                                           By:  /s/ Daniel M. Petrocelli

OMM_US:71798805.1

6